UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES ALLEN SMITH,

    Plaintiff,

v.                                  CAUSE NO. 3:22-CV-159-DRL-MGG

ST. JOSEPH COUNTY JAIL *et al.*,

    Defendants.

OPINION AND ORDER

James Allen Smith, a prisoner without a lawyer, filed a contradictory complaint alleging unsanitary conditions at the St. Joseph County Jail. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Smith alleges there is black mold and flies in the showers at the jail. He alleges there are no cleaning supplies for the showers but also says he is provided "one mop, one broom, one bucket of mop water" seemingly every day. ECF 1-3 at 3. He says this is not enough to clean cells, the dayroom, and the shower, but he makes no mention of using these tools nor does he explain why every area must be mopped every day. Nor does he say why he does not refill the mop bucket when he needs more water. He says jail officials

do not do anything unless inmates say something about these conditions. Then he says in response to two complaints, the showers were power washed both times. Though he complains "water wasn't fixed or toilets or chemical or separate supplies," it is unclear how that is related to black mold and flies in the shower. *Id*.

This complaint does not state a claim for which relief can be granted. Nevertheless, Mr. Smith may file an amended complaint if he believes he can state a claim based on (and consistent with) the events described in this complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

In this complaint, Mr. Smith names six defendants, but two of them must be dismissed. The St. Joseph County Jail is a building. It is not a suable entity. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). St. Joseph County "is statutorily required to build and maintain a county jail. However, this duty only extends to keeping the jail open and in good repair. Actual administration of the jail and treatment of prisoners falls to the county sheriff." *Waldrip v. Waldrip*, 976 N.E.2d 102, 118–19 (Ind. Ct. App. 2012) (citations omitted). Day-to-day cleanliness of the showers is an administrative function over which St. Joseph County does not have control. Therefore, the St. Joseph County Jail and St. Joseph County will be dismissed.

As for the other four defendants, this complaint does not explain how any of them were personally involved. If Mr. Smith files an amended complaint, he must clearly explain what each defendant did or did not do and how that defendant was personally involved because "[o]nly persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007).

For these reasons, the court:

(1) DISMISSES St. Joseph County Jail and St. Joseph County;

(2) GRANTS James Allen Smith until **May 16, 2022**, to file an amended complaint; and

(3) CAUTIONS James Allen Smith if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

April 11, 2022                               *s/ Damon R. Leichty*
                                             Judge, United States District Court